658 So.2d 4 (1995)
Velma PRATT, et al., Plaintiffs-Appellants,
v.
R. Bruce WILLIAMS, M.D., Charles Knight, Jr., M.D., William P. Spillers, M.D., Defendants-Appellees.
Nos. 26,903-CA to 26,905-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1995.
Rehearing Denied June 15, 1995.
Velma Pratt, in pro. per.
Cook, Yancey, King & Galloway by Cynthia A. Anderson, Shreveport, for R. Bruce Williams, appellee.
Pugh, Pugh & Pugh by Lamar P. Pugh, Shreveport, for William Spillers, appellee.
Blanchard, Walker, O'Quinn & Roberts by A.M. Stroud, III, Shreveport, for Charles Knight, appellee.
Before MARVIN, NORRIS and STEWART, JJ.
MARVIN, Chief Judge.
In this action by pro se plaintiffs, Velma and Harry Pratt appeal a summary judgment dismissing their demands for damages against three doctor defendants arising out of a diagnosis of a lump in Velma Pratt's breast as being cancerous and the resulting modified radical mastectomy undertaken a few days later. The summary judgment was granted after some delays when plaintiffs acknowledged their inability to procure expert medical testimony establishing the respective standard of care and how that respective standard was breached by each doctor.
Relying on appellate jurisprudence, the trial court granted the summary judgment before Pfiffner v. Correa, No. 94-0924 (La. 1994), 643 So.2d 1228, rehearing denied, was rendered. Pfiffner held that negligence in a physician's conduct may be perceived by a trier of fact where the defendant/physician testifies as to the standard of care and there is objective evidence, "including the testimony of the defendant/physician, which demonstrates a breach thereof." The court clearly pronounced that "expert testimony is not always necessary in order for a plaintiff to *5 meet his burden of proof in ... a medical malpractice claim." 643 So.2d at 1234.
We therefore reverse the summary judgment at defendants' cost and remand for further proceedings.
Before MARVIN, NORRIS, LINDSAY, HIGHTOWER and STEWART, JJ.

ON APPLICATION FOR REHEARING
PER CURIAM DENYING REHEARING.
In these consolidated medical malpractice cases each defendant seeks a rehearing, essentially alleging that our interpretation of Pfiffner v. Correa, supra, was overly broad and would preclude summary judgment in any malpractice case. We agree that the Pfiffner statement, "We hold that expert testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice case," should not be read in the abstract or in isolation, but with the remainder of that opinion and result.
After a jury trial on the merits Pfiffner rendered judgment reversing the lower courts and dismissed the plaintiff's malpractice action, finding that she "did not meet her burden of establishing that the alleged unreasonable delay in the diagnosis and treatment... contributed, in whole or in part, to her husband's death or loss of a chance of survival." 643 So.2d at 1235.
Here, Mrs. Pratt effectively asserts that Dr. Spillers wrongly diagnosed her with breast cancer and did a needle biopsy that she did not consent to; that Dr. Williams misdiagnosed the pathology reports and that Dr. Knight failed to conduct independent diagnostic tests before rendering a [second] opinion, the cumulative result of which was unnecessary and unwanted surgery.
The fact that a plaintiff has the burden in a medical malpractice case to establish the standard of care of a physician, a breach of that standard by the physician and a causal connection [Pfiffner, supra, LRS 9:2794], does not lessen the burden on a physician who moves for summary judgment in such a case. Here, and after each physician moved for summary judgment essentially on the grounds that the "plaintiffs did not present any expert testimony on the critical issue of standard of care," as one rehearing applicant stated what the trial court noted, the trial court found no genuine issue of material fact and granted each physician a summary judgment. In his motion for summary judgment each physician abundantly supported the conclusion of the medical review panel that his respective conduct did not violate the standard of care. The trial court allowed plaintiffs 75 days to procure expert testimony to meet their burden of proving the standard of care and breach thereof. While the trial court granted summary judgment because plaintiffs did not or could not procure the expert testimony required of them, we emphasize that this record does not state what the specific and respective standard of care of care is that each physician and his experts conclude was not breached.
While we may agree, given the present posture of this case, that the Pratts have thus far not met their burden of proving the standard of care and that it is likely that they cannot prevail on the merits, these assumptions are not sufficient to warrant summary judgment on this record.
Each physician contends there is no genuine issue of material fact that his respective conduct toward Mrs. Pratt was not a breach of the standard of care. Summary judgment on this issue (the standard of care and its breach in a medical malpractice case) may be warranted where the mover for summary judgment meets his burden and establishes in his motion and supporting documents the standard of care. The physician-mover for summary judgment in this record simply has not met his burden of establishing what the standard of care is that he says his conduct "did not breach." Miramon v. Woods, 639 So.2d 353 (La.App. 2d Cir.1994).
Rehearing is denied in each consolidated case.