774 So.2d 1134 (2000)
Francis HINSON and Beverly Martin, Individually and on Behalf of Their Mother, Lucille Irene Reagan, Plaintiffs-Appellants,
v.
The GLEN OAK RETIREMENT HOME, Defendant-Appellee.
No. 34,281-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2000.
*1135 Georgia P. Kosmitis, Shreveport, Counsel for Appellants.
Wiener, Weiss & Madison by John M. Madison, Jr., Shreveport, Counsel for Appellee, The Glen Oak Retirement Home.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell by Lawrence W. Pettiette, Jr., Elizabeth A. Lawrence, Shreveport, Counsel for Appellee, Alan J. Borne, M.D.
Before NORRIS, STEWART and GASKINS, JJ.
STEWART, J.
Francis Hinson and Beverly Martin (hereinafter the "plaintiffs"), individually and on behalf of their mother, Lucille Irene Reagan, filed a medical malpractice action against The Glen Oak Retirement Home ("Glen Oak") and Dr. Alan J. Borne. Dr. Borne filed a motion for summary judgment on the basis that the plaintiffs lacked expert testimony that his treatment of Ms. Reagan fell below the applicable standard of care. The trial court granted the motion. The plaintiffs then appealed the dismissal of their claims against Dr. Borne. We now affirm the trial court's judgment.

FACTS
In 1992, Ms. Reagan was admitted to Glen Oak, at which time Dr. Borne, an internist, became Ms. Reagan's treating physician. In their petition and depositions, the plaintiffs allege that during 1995 and 1996, Ms. Reagan complained of abdominal pain and exhibited symptoms of nausea, vomiting, constipation, and diarrhea. Plaintiffs allege that Dr. Borne failed to observe, monitor, or respond to these symptoms and that his failure to do so resulted in a delayed diagnosis of colon cancer. On July 3, 1996, Ms. Reagan was admitted to Schumpert Medical Center where she underwent a colonoscopy and surgery.
On December 11, 1996, the plaintiffs filed suit against Glen Oak. In an amended petition filed July 13, 1999, plaintiffs added Dr. Borne as a defendant, after receiving a medical review panel opinion favorable to him. On December 22, 1999, Dr. Borne filed a motion for summary judgment supported by the favorable medical review panel opinion and written reasons, along with his own affidavit and narrative statement summarizing his treatment of Ms. Reagan. Dr. Borne asserted that the plaintiffs had no competent expert testimony that his treatment of Mrs. Reagan fell below the applicable standard of care.
At the hearing on the motion for summary judgment, plaintiffs' counsel conceded that she needed expert testimony to establish that malpractice occurred and stated that she intended to use the defendant and the members of the medical review panel to prove her case. Plaintiffs' counsel declined the trial court's offer of extra time to procure an expert opinion. Instead, plaintiffs' counsel argued that genuine issues of material fact exist as to whether Ms. Reagan and the plaintiffs reported Ms. Reagan's complaints to the nursing staff or Dr. Borne, such that Dr. *1136 Borne failed to note the symptoms and act in a timely manner to diagnose her illness. According to plaintiffs' counsel, these issues of fact preclude summary judgment in favor of Dr. Borne. Noting the necessity for expert testimony to establish the plaintiffs' claim and the absence of any expert opinion favorable to the plaintiffs, the trial court granted Dr. Borne's motion for summary judgment. This appeal followed.

DISCUSSION
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action allowed by law. La.C.C.P. art. 966(A)(2); Lee v. Wall, 31,468, 31,469 (La.App.2d Cir.1/20/99), 726 So.2d 1044; Gardner v. Louisiana State University Medical Center in Shreveport, 29,946 (La.App.2d Cir.10/29/97), 702 So.2d 53. Our review of a grant or denial of a summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B).
When the moving party will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant is not required to negate all the essential elements of the adverse party's claim. Rather, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Then, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and movant is entitled to summary judgment. La.C.C.P. art. 966(C)(2); Gardner v. LSUMC-Shreveport, supra.
The 1996 and 1997 amendments which altered the burden of proof in summary judgment proceedings leveled the playing field between the parties by providing that the supporting documentation submitted by the parties should be scrutinized equally and by removing the overriding presumption in favor of trial on the merits. Independent Fire Ins. Co. v. Sunbeam Corp., supra; Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
La.R.S. 9:2794(A) provides that a plaintiff in a medical malpractice action shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, ... under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, ... within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
Stated briefly, the plaintiffs have the burden of proving the applicable standard of care, the physician's breach of the applicable standard of care, and the causal connection between the breach and the resulting injuries. Orea v. Brannan, 30,628 (La. App.2d Cir.6/24/98), 715 So.2d 108.
*1137 In two assignments of error, plaintiffs assert that Dr. Borne failed to sustain the burden of proving that summary judgment is warranted and that the trial court erred in granting summary judgment when genuine issues of material fact exist. As explained below, we find that these assignments of error lack merit.
The assertion that Dr. Borne failed to make a prima facie showing that summary judgment is warranted is premised on two arguments. First, plaintiffs argue that the review panel opinion, which is neither in the form of an affidavit or deposition testimony and which is not based on personal knowledge, is not sufficient to meet the burden of proof required for a summary judgment. We find no merit in this argument. Furthermore, we find that the medical review panel opinion is properly before us for consideration during our de novo review of the summary judgment. As provided in La.R .S. 40:1299.47(H), the "report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant...." However, the report of the medical review panel is not conclusive, and either party has the right to call any member of the panel as a witness. La.R.S. 40:1229(H). Louisiana courts have accepted expert opinion evidence, such as the opinion of the medical review panel, offered in support of summary judgment motions in medical malpractice cases. See Pugh v. Beach, 31,361 (La.App.2d Cir.12/11/98), 722 So.2d 442; Gardner v. LSUMC-Shreveport, supra; Venable v. Dr. X, 95-1634 (La.App. 3d Cir.4/3/96), 671 So.2d 1249; Richoux v. Tulane Medical Center, 617 So.2d 13 (La. App. 4th Cir.1993). The findings of the medical review panel, whose members are physicians actively working in their fields of expertise, are based on the experts' personal knowledge gained through experience and may be considered in evaluating a summary judgment. Pugh v. Beach, supra; Gardner v. LSUMC-Shreveport, supra. Additionally, the Louisiana Supreme Court has held that expert opinion evidence is admissible at the summary judgment stage when such evidence meets the Daubert standards for admissibility. Independent Fire Ins. Co. v. Sunbeam, supra.[1]
Second, plaintiffs argue that Dr. Borne failed to establish what the standard of care was that he claims to have met in his treatment of Ms. Reagan. Plaintiffs base this argument on Pratt v. Williams, 26,903 (La.App.2d Cir.5/10/95), 658 So.2d 4, in which this court reversed a summary judgment in favor of the defendant-physician on the basis that the physician, who moved for summary judgment, failed to establish the standard of care that he claimed his conduct did not breach. Reliance on Pratt v. Williams, supra, is misplaced inasmuch as our decision was rendered in accordance with the summary judgment standards which placed the burden on the mover to affirmatively show the absence of a genuine issue of fact. See Miramon v. Woods, 25,850 (La.App.2d Cir.6/22/94), 639 So.2d 353. As amended, and as previously mentioned, the burden on the movant, who will not bear the burden at trial on the matter before the court on summary judgment, has been lessened to the extent that he is required only to point out an absence of factual support for one or more elements essential to the adverse party's claim. Once the moving party makes this showing, the burden then shifts to the adverse party to come forth with factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial.
In support of his motion for summary judgment, Dr. Borne offered the opinion of the medical review panel, the sworn oaths of the members of the panel, and the panel's written reasons. The panel concluded *1138 that the evidence did not suggest that Dr. Borne failed to meet the applicable standard of care in his treatment of Ms. Reagan and that the conduct complained of was not a factor of the resultant damages. The panel also issued the following written reasons in support of its conclusion:
(1) Constipation would be an expected condition considering the patient's age, dementia and medications, including Cardizem and Mellaril.
(2) Review of the nurses' notes and physician's notes do not indicate any chronic abdominal symptomology.
(3) Once discovered, her anemia was evaluated promptly and correctly.
(4) Dr. Borne's communication with the nursing home and the family was appropriate.
(5) A normal abdominal exam was noted in the chart on 6/5/96. This shows that Dr. Borne did examine the patient.
(6) Her outcome was deemed to be satisfactory. The practice of annual laboratory would not have affected this outcome.
Additionally, Dr. Borne included his own affidavit with a narrative summarizing his treatment of Ms. Reagan. Dr. Borne opined that his treatment of Ms. Reagan was within the applicable standard of care for a physician practicing in the area of internal medicine. In his narrative, Dr. Borne explained that Ms. Reagan was 79 when he began treating her in 1992, and that she presented to him with a diagnosis of senile dementia secondary to arteriosclerosis with psychosis. He reports that Ms. Reagan was unable to give a reliable history on his visits, which took place every one or two months. Dr. Borne explained that a nurse from Glen Oak accompanied him on each visit to report any problems experienced by the patient. According to Dr. Borne's narrative, there were no complaints of nausea, vomiting, diarrhea, constipation, or abdominal pain at the time of his visits with Ms. Reagan, nor were such complaints documented in the nurses' notes. However, Dr. Borne also states in his narrative that Ms. Reagan had chronic constipation which he attributed to her age and the "laxity" of her bowels. This condition was treated with Colace (a stool softener), an occasional enema, and Milk of Magnesia. Dr. Borne reports that he also treated Ms. Reagan several times for urinary tract infections. According to Dr. Borne, Ms. Reagan had a normal abdominal examination on June 5, 1996, at which time he believed her to be stable. However, on July 1, 1996, Dr. Borne was notified of a change in Ms. Reagan's condition, including symptoms of leg weakness, paleness, decreased appetite, and fever. Ms. Reagan was also sleeping more than usual. Dr. Borne reports that he ordered laboratory work and began antibiotics. When the laboratory work revealed abnormal results, he ordered further testing. The repeat laboratory work revealed anemia and stools positive for occult blood. On July 3, 1996, after undergoing an EGD which showed mild gastritis, Ms. Reagan was hospitalized after exhibiting symptoms of abdominal distention, constipation, and abdominal pain. A CT scan of the abdomen and a colonoscopy revealed a cecal carcinoma (colon cancer). Dr. Borne states in his narrative that cecal carcinoma often lacks symptoms until the patient develops anemia. He asserts that he ordered the appropriate tests in a timely fashion once symptoms manifested in Ms. Reagan and that he also obtained hospitalization with surgical consultation in a timely manner.
Dr. Borne's affidavit and narrative along with the favorable opinion of the medical review panel are sufficient to establish an absence of factual support for the plaintiffs' claims. Dr. Borne's claim that he did not breach the applicable standard of care in his treatment of Ms. Reagan is supported by the opinion and findings of the medical review panel. As pointed out by Dr. Borne in his motion for summary judgment, plaintiffs lack expert *1139 testimony that his treatment fell below the standard of care.
Citing Pfiffner v. Correa, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228, plaintiffs contend that they may use the defendant and the defendant's own experts to prove their case where there are issues of fact in a medical malpractice action. According to plaintiffs, there are material issues of fact as to what complaints were made by Ms. Reagan and themselves to the nursing staff and Dr. Borne. Plaintiffs argue that these issues of fact are vital to a determination of whether Dr. Borne adhered to the standard of care, and that the review panel opinion, to the extent that it is based on these disputed facts, is improper.
In a medical malpractice action, opinions of expert witnesses who are members of the medical profession are necessary to determine whether the defendant possessed the requisite degree of knowledge or skill, or failed to exercise reasonable care and diligence. Martin v. East Jefferson General Hospital, 582 So.2d 1272 (La.1991); Lee v. Wall, supra; Venable v. Dr. X, supra. This is especially true where the defendant physician has filed a motion for summary judgment supported with expert opinion evidence that his treatment met the applicable standard of care. Lee v. Wall, supra.
It is also recognized that expert testimony is not always necessary for a plaintiff to meet the burden of proof in a medical malpractice case. Expert testimony is not required where the physician commits an obvious careless act from which a lay person can infer negligence. Instances of obvious negligence not requiring expert testimony to meet the burden of proof would result when a physician fails to respond to an emergency, fractures a leg during an examination, amputates the wrong arm, or leaves a sponge in a patient's body after surgery. Pfiffner v. Correa, supra.
The case at hand is not one involving an act of obvious negligence on the part of the physician. Rather, the medical issues presented here are complex in nature and involve a determination of what symptoms suggest the onset of colon cancer and whether such symptoms manifested in the patient so as to prompt the physician to take diagnostic action at an earlier time. These issues require the assistance of expert witnesses to meet the burden of proving the standard of care, the breach of the standard of care, and the causal connection between the breach and any resulting injuries. Plaintiffs produced no expert testimony or other factual support to establish that they will be able to meet their evidentiary burden at trial.
In opposition to Dr. Borne's motion for summary judgment, the plaintiffs presented the evidence which was submitted to the medical review panel. This evidence largely substantiates Dr. Borne's narrative summary of his treatment of Ms. Reagan. Included in the submission to the medical review panel were excerpts from the plaintiffs' depositions. Both Beverly Martin and Frances Hinson state in their depositions that they never voiced complaints to Dr. Borne about his treatment of their mother or about her complaints of abdominal pain, nausea, vomiting, and constipation. However, they did relate their concerns to the nurses at Glen Oak. The nurses' notes, also included in plaintiffs' submission to the medical review panel, show that Ms. Reagan suffered from constipation regularly during the year preceding her diagnosis of colon cancer, that Dr. Borne was informed of her complaints, and that he ordered medication or treatments. During this same period of time, Ms. Reagan was treated by Dr. Borne for urinary tract infections, a rash on her abdomen which caused her some pain and discomfort, and a bout of nausea and vomiting around March 28, 1996. Dr. Borne's notes, also included in the medical review panel submission, show that he saw Ms. Reagan eight times from June 1995 through June 1996 and that he considered her condition stable during this period. Excerpts from medical treatises included *1140 in the submission indicate that colon cancer is largely asymptomatic in the early stages and evidenced by nonspecific symptoms once tumors arise, such as abdominal pain, change in bowel habits, constipation, obstipation or weight loss.
Upon reviewing the parties' submissions in support of and in opposition to summary judgment, we conclude that the grant of summary judgment in favor of Dr. Borne was appropriate. Although plaintiffs assert that the medical review panel dismissed their allegations regarding Ms. Reagan's ongoing complaints during the year preceding her diagnosis, this assertion is not supported by any evidence. The medical review panel noted the fact that Ms. Reagan suffered from constipation, but apparently did not consider this common complaint as evidence of chronic abdominal symptomology which would have possibly alerted Dr. Borne to the presence of colon cancer and caused him to proceed with diagnostic testing at an earlier stage. The medical review panel, after reviewing the plaintiffs' thorough submission, concluded that Dr. Borne did not breach the standard of care in his treatment of Ms. Reagan. Once Dr. Borne supported his motion for summary judgment with this favorable expert opinion and his own affidavit and narrative, it was incumbent upon the plaintiffs to come forth with some expert testimony indicating that Dr. Borne breached the standard of care. Plaintiffs' assertion that they intend to use the defendant and the members of the review panel to prove their case at trial is not sufficient to show that they will be able to satisfy their burden of proof, particularly since the record is devoid of any evidence favorable to plaintiffs from these persons. Had plaintiffs deposed a member of the review panel and posed direct questions based on the complaints they allege that Ms. Reagan made during the year preceding her diagnosis of colon cancer and the alleged failure of Dr. Borne to take timely notice of and act upon such complaints, then perhaps they would have obtained the necessary expert opinion to show that a genuine issue of material fact exists and that they may be able to meet their evidentiary burden at trial. In the absence of such expert testimony and in light of the fact that this is not a case of obvious negligence on the part of the physician, plaintiffs have not presented factual support sufficient to show that a genuine issue for trial exists regarding whether Dr. Borne breached the standard of care. Therefore, summary judgment in favor of the defendant is appropriate in this instance.

CONCLUSION
Based on the foregoing reasons, we affirm the grant of summary judgment by the trial court in favor of the defendant, Dr. Alan J. Borne. Costs are taxed against the appellants.
AFFIRMED.
NOTES
[1] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).