799 So.2d 1184 (2001)
Lee G. EDWARDS, Jr. and Helen W. Edwards, Plaintiffs-Appellants,
v.
David R. RAINES, M.D., Defendant-Appellee.
No. 35,284 CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
*1185 William P. Crews, Jr., Counsel for Plaintiff-Appellant.
Theus, Grisham, Davis & Leigh, by David H. Nelson, Counsel for Defendant-Appellee.
Before NORRIS, CARAWAY and DREW, JJ.
NORRIS, Chief Judge.
The plaintiffs, Lee G. Edwards, Jr. ("Edwards") and Helen W. Edwards, appeal a summary judgment in favor of the defendant, Dr. David Raines, in this medical malpractice action.

Facts
On May 5, 1997, Edwards submitted to Dr. Raines for an operation to remove a lesion from his upper small intestine after having a polyp previously removed from the same area by Dr. Raines's partner, Dr. Seegers, who was Edwards's family physician. This was an outpatient procedure, after which Edwards was sent home.
That afternoon Edwards developed a pain in his abdomen. He called Dr. Raines's office to complain about the pain. Dr. Raines advised that he go to St. Francis *1186 Medical Center to get an x-ray to look for "free air" which might have indicated if there was a perforation in the GI tract lining at some point, which Edwards did. An examination by Dr. Raines and another doctor, Dr. Barraza, of that x-ray did not disclose any "free air"; Edwards was released with some pain medication.
Later that evening, the pain increased and Edwards called Dr. Seegers, who said to meet him at the emergency room of St. Francis Medical Center. There, a CT scan (or "cat scan") was performed which revealed a perforation of the duodenum (stomach lining) "the approximate size of a quarter." Corrective surgery was performed at 2:00 am the next morning.
Edwards and his wife subsequently instituted malpractice proceedings. A Medical Review Panel reviewed the incident and found in favor of Dr. Raines by opinion dated September 17, 1999. On December 13, 1999, the Edwardses filed the instant suit.
During discovery, defense counsel requested the identity of any experts that plaintiffs might have retained who were of the opinion that Dr. Raines had breached the standard of care. When the name of no such expert was offered, defendant moved for summary judgment on July 18, 2000. The trial court judge denied the motion on September 5, 2000, after a hearing, and gave the plaintiffs 90 days during which to obtain an expert, if they so desired. The court further stated that after 90 days it would be receptive to the defense refiling its motion for summary judgment.
On December 4, 2000, plaintiffs' counsel identified an expert, Dr. Nash. Defendant then requested copies of any reports Dr. Nash had written which stated that defendant had breached the standard of care. When plaintiffs produced no such report, defendant moved for summary judgment again on January 29, 2001. The hearing on the motion was set for March 7, 2001.
Defendant contended in his motion that the plaintiffs had offered no evidence of the applicable standard of care or that Dr. Raines had breached it. In support of its motion, the defense submitted the Medical Review Panel opinion and affidavits from Dr. Raines and Dr. Dale McGinty (one of the Review Panel doctors) which stated that, in their opinion, Dr. Raines had not breached the standard of care owed Edwards.
On March 6, 2001, plaintiffs filed their memorandum in opposition to the motion for summary judgment, attaching two exhibits in support. Exhibit A was a copy of Dr. Nash's resume. Exhibit B was a copy of a letter dated February 26, 2001, unsigned but allegedly dictated by Dr. Nash, notarized by plaintiffs' attorney that he witnessed the "transmission" of the message to his secretary. On March 7, 2001, plaintiffs filed Exhibit 1 which was a copy of the letter filed as Exhibit B that had been signed by Dr. Nash.
In this letter, Dr. Nash states his opinion that there were discrepancies in the procedure and analysis performed by Dr. Raines in his diagnosis and treatment of Edwards's perforated stomach. This letter was not in proper affidavit form. Plaintiffs argued that they can carry their burden of proof in the case by putting on evidence of fault and causation, and that once these have been established, it is up to the jury to decide whether or not the standard of care had been breached by the defendant doctor in this case.
After a hearing on March 9, 2001, the trial court granted the summary judgment in favor of the defendant without assigning written reasons; plaintiffs filed this appeal April 10, 2001.

*1187 Discussion

Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). After adequate discovery or after a case is set for trial, a motion for summary judgement shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B, C(1). Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of the judgment. Steed v. St. Paul's United Methodist Church, 31,521, 31,522 (La.App. 2 Cir. 2/24/99), 728 So.2d 931, writ denied, 99-0877 (La.5/7/99), 740 So.2d 1290.
If the moving party will not bear the burden of proof at trial on the matter that is before the court on motion for summary judgment, the movant's burden on motion is to point out to the court an absence of factual support for one or more essential elements of the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
To prevail in a medical malpractice claim under La. R.S. 9:2794 A, plaintiffs must prove each of these three separate elements:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
Stated briefly, the plaintiffs have the burden of proving the applicable standard of care, the physician's breach of the applicable standard of care, and the causal connection between the breach and the resulting injuries. Orea v. Brannan, 30,628 (La.App. 2 Cir. 6/24/98), 715 So.2d 108.
One of the essential elements of a medical malpractice action is that the plaintiff establish that the conduct of the defendant fell below the applicable standard of care. Hinson v. Glen Oak Retirement Home, 34,281 (La.App. 2 Cir. 12/15/00), 774 So.2d 1134. The opinion of the Medical Review Panel may be considered by the court when ruling on a summary judgment motion. Id., at 1137. Hinson also holds that a favorable affidavit by the treating physician and a favorable opinion by the Medical Review Panel are sufficient to establish an absence of factual support for the plaintiff's claims. 774 So.2d at 1137.
The defendant's motion for summary judgment is based upon the burden shifting *1188 presumptions of La. C.C.P. 966 C(2). In support of his motion the defendant offered his own affidavit, the Medical Review Panel's opinion, and the affidavit of one of the panel doctors that Dr. Raines had not breached the standard of care owed Edwards. The affidavits of the two doctors state that the mere presence of a perforation does not necessarily indicate a breach of the standard of care by a treating physician. Defendant argues that the burden is now on the plaintiffs to show the court through "pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits" that a genuine issue of material fact exists as to whether or not Dr. Raines breached the applicable standard of care.
Defendant maintains that since the plaintiffs have not put forth any such evidence, the grant of summary judgment was appropriate.
Plaintiffs contend that a genuine issue of material fact does exist as to the negligence of the defendant in this case, and that the trial court was in error when it granted the defendant's summary judgment motion.
Plaintiffs call attention to the Louisiana Supreme Court case of Pfiffner v. Correa, 94-0992 (La.10/17/94), 643 So.2d 1228, which states at 1233 that there are certain medical malpractice cases, such as the amputation of the wrong limb or leaving a sponge in the patient's body, in which expert testimony is not necessary to establish a breach of the standard of care by a physician. Plaintiffs argue that when a patient submits for surgery without a perforated bowel, but after surgery has a perforated bowel, negligence and a breach of the applicable standard of care can be inferred even by lay persons, and expert testimony is not necessary.
Plaintiffs maintain that the very existence of the perforation in Edwards's duodenum should have precluded summary judgment against them. Furthermore, plaintiffs contend that Dr. Nash's report supports finding a genuine issue of material fact as to the conduct of Dr. Raines sufficient to defeat defendant's motion for summary judgment.
The instant case does not involve an act of obvious negligence on the part of the physician the likes of which Pfiffner addresses. The medical procedures presented by this case are complex in nature and involve a determination of whether the conduct of the defendant during an endoscopic procedure fell below the applicable standard of care for physicians conducting these procedures. There is an inherent risk in this kind of endoscopic laser procedure that, no matter the care undertaken by the surgeon, perforations can occur. The mere fact that an injury occurred does not raise a presumption that the physician was negligent. Elkins v. Key, 29,977 (La.App. 2 Cir. 10/29/97), 702 So.2d 57.
The assistance of expert testimony is needed to establish the elements of the applicable standard of care, whether the standard of care was breached by the defendant's conduct, and whether that breach resulted in any injuries to the plaintiffs. Pugh v. Beach, 31,361 (La.App. 2 Cir 12/11/98), 722 So.2d 442. The issues of this case do not fit the more self-evident medical malpractice cases outlined by the court in Pfiffner v. Correa. To the contrary, the court noted in Pfiffner that expert testimony is necessary in a factually complex medical situation that would be difficult for a lay person to comprehend. 643 So.2d at 1235. Due to the complexities of the procedure and the undetermined cause of Edwards's injuries, we find the plaintiffs' reliance on the Pfiffner exception misplaced. Cf. Orea v. Brannan, supra.
*1189 As noted, plaintiffs submitted, as Exhibit 1, a letter by Dr. Zev-David Nash, in an effort to rebut the defendant's summary judgment evidence that he did not breach the standard of care. Dr. Nash states in the letter that the defendant "did not perform an adequate physical examination" to diagnose Edwards's pain after he had been discharged from the hospital. This document was not submitted as a properly drafted affidavit, and therefore is not properly before this court in deciding this summary judgment proceeding. Richardson v. Lagniappe Hospital Corp., 33,378 (La.App. 2 Cir. 5/15/00), 764 So.2d 1094. Article 967 of the Louisiana Code of Civil Procedure allows consideration of expert opinion testimony in the form of an affidavit or deposition submitted in support of or opposition to a motion for summary judgment. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00) 755 So.2d 226, 237. Answering an interrogatory listing the name of an expert who will testify in support of the plaintiff's allegations, without an affidavit or deposition of the expert witness, is not sufficient to oppose a motion for summary judgment. Richardson, 764 So.2d at 1099.
Plaintiffs also submitted to the court Exhibit B, a document signed by their attorney. It is inadmissible as hearsay because it recounts what the attorney allegedly heard Dr. Nash tell his secretary. It is also not a properly drafted affidavit and therefore is not before the court in evaluating this summary judgment. La. C.C.P. art. 967, Richardson, supra.
Neither document offered by plaintiff in opposition to the summary judgment motion was an affidavit based on personal knowledge setting forth facts admissible in evidence as contemplated by La. C.C.P. art. 967. Therefore, after a de novo review of the record, we find that the plaintiffs have failed to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. There is simply no genuine issue of material fact as to whether the defendant breached the applicable standard of care in this case, and the defendant is entitled to summary judgment.

Conclusion
For the foregoing reasons, the district court's summary judgment in favor of the defendant-appellee, Dr. David R. Raines, is affirmed. Costs of this appeal are assessed to the plaintiff-appellants, Lee G. Edwards, Jr. and Helen W. Edwards.
AFFIRMED.