STEWART, J.
It Gary Foster, Kenny Wheeler, and Philip Hasheider (collectively “plaintiffs”) appeal the trial court’s grant of summary judgment in favor of the City of Shreveport (“City”) denying plaintiffs’ claim of breach of contract. Finding no error in the trial court’s decision, we affirm.
FACTS
This action was brought by plaintiffs who were employed as mechanics for the City and working in the Shreveport Fire *629 Department. The record shows that prior to January of 1997, plaintiffs employment classification as mechanics made them ineligible to receive state supplemental employee pay like other Shreveport Fire Department employees. Consequently, the Shreveport City Council passed Resolution 179 in 1997, and the mechanics were paid $250 extra by the City to make their salary equal to that of a Fire Captain. This money was simply classified as “other money” because the men were ineligible to receive state supplemental pay.
However, when the Shreveport City Council passed Resolution 189 in 2001, the “other pay” was rescinded when the mechanics jobs were reclassified to emergency vehicle technicians. The change in classification made these workers eligible for state supplemental pay. Consequently, the “other pay” was discontinued. The plaintiffs sought a continuation of the “other pay” and the state supplemental pay arguing that recision of the “other pay” was a prohibited reduction in their base salaries.
Following the filing of the instant suit, the City filed a motion for summary judgment on the issue of whether this “other pay” was properly | ^rescinded or still owed to the plaintiffs. Following a hearing, the trial court determined that the “other pay” provision was implemented for the purpose of supplementing the pay of employees who were ineligible for state supplemental pay by resolution of the City Council, and that once those classifications were changed such that the affected employees were now eligible for state supplemental pay, the City Council properly passed another resolution rescinding the “other pay” provision. The court granted the City’s motion for summary judgment,. and this appeal ensued.
DISCUSSION

Motion for Summary Judgment

The summary judgment procedure is designed to ensure the just, speedy, and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2); Britt v. Taylor, 37,378 (La.App. 2d Cir.8/20/03); 852 So.2d 1128; Lee v. Wall, 31,468 (La.App. 2d Cir.1/20/99), 726 So.2d 1044. A summary judgment is subject to a de novo review on appeal. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Material facts are those which potentially ensure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Hardy v. Bowie, 98-2821 (La.09/08/99), 744 So.2d 606; Demopulos v. Jackson, 33,560 (La.App. 2d Cir.6/21/00), 765 So.2d 480.
IsWhen the moving party will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant is not required to negate all the essential elements of the adverse party’s claim. Rather, the movant need only point out an absence of factual support for one or more elements essential to the adverse party’s claim. Then, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and the movant is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Hinson v. Glen Oak Retirement Home, 34,281 (La.App. 2d Cir.12/15/00), 774 So.2d 1134.
*630 The law is clear that the adverse party may not rest on the mere allegations or denials of his pleading when faced with a properly supported motion for summary judgment. Rather, the adverse party must respond with specific facts showing a genuine issue for trial or else summary judgment shall be rendered against him. La. C.C.P. art. 967; Demopulos v. Jackson, supra.
In its ruling on the motion for summary judgment, the trial court pointed to several facts as presented in the plaintiffs motion. Specifically,
1. On October 14, 1997, the Shreveport City Council approved Resolution 179 of 1997 which adopted a new pay plan for the Shreveport Fire Department. The adopted pay plan for the Shreveport Fire Department created separate pay lines for the positions of Fire Mechanic and Fire Personnel Services Coordinator. Included in the new plan was category entitled “Other Pay” which provided additional monthly compensation for fire mechanics who were ineligible for state supplemental pay. The statute, which provided for state supplemental pay, specifically excluded fire mechanics from the list of eligible employees. La. R.S. 33:2002.
42. At the time Resolution 179 was adopted, four employees, including plaintiffs, who are mechanics, and the Fire Personnel Services Coordinator, were ineligible to receive supplemental pay. Creation of the “other pay” category allowed the Fire Department to compensate these employees at the same rate as the other fire employees who were eligible for supplemental pay and maintain parity with respect to employee compensation.
3. On February 16, 2002, subsequent to adoption of the new pay plan, the Municipal Fire and Police Civil Service Board for the City of Shreveport created a new competitive class, Emergency Vehicle Technician (hereinafter referred to as “EVT” class). The plaintiffs’ classifications were changed from Mechanics to EVTs. This change in classification made the plaintiffs eligible for state supplemental pay as of February 16, 2002. All three applied and were approved to receive same.
4. On June 30, 2002, “other pay” was discontinued for the plaintiffs. However, there was no other City Ordinance passed revoking the prior City Ordinance allowing for said “other pay.” Therefore, plaintiffs are now requesting the Board reinstate “other pay.”
In response to the plaintiffs motion for summary judgment, the City relied upon the affidavit of Fire Chief Kelvin Cochran which stated that the effect of Resolution 179 of 1997 included a new category “other pay” to provide additional monthly compensation for Fire Mechanics who were ineligible for state supplemental pay. However, Chief Cochran stated that the change in classification from Mechanics to Emergency Vehicle Technician by Resolution 189 of 2001 of the City Council made the plaintiffs eligible for state pay as of February 16, 2002. Chief Cochran further acknowledged that the “other pay” was discontinued pursuant to Resolution 189 of 2001 which deleted the authorization of the “other pay” for the plaintiffs because it was never intended to serve as a portion of base pay for those ineligible for state supplemental benefits but rather as a supplement to maintain parity in the compensation of employees. The |5change in classification that made those employees eligible for state supplemental pay ob *631 viated the need to continue the “other pay.”
Plaintiffs’ cite La. R.S. 33:2005 stating that a municipality may not reduce the salary of any employee covered by the supplemental pay where the reduction is based solely on the additional compensation by the state. However, the affidavit of Chief Cochran revealed that this money was never intended to serve as a portion of base pay for the Fire Department mechanics.
The trial court found that plaintiffs did not deny the existence of Resolution 189 of 2001 or the action as set forth by the City. Consequently, because the parties’ positions relative to the resolutions, or the effect thereof, are not contested as to fact, there is no genuine issue of material fact.
We find no error in the trial court’s decision granting the City’s motion for summary judgment. The “other pay” category was rescinded in the same manner it was created- — by resolution of the Shreveport City Council. It was not intended to serve as base salary for those employees ineligible for state pay, so there ■ is no violation of La. R.S. 33:2005.
CONCLUSION
Based on the above arid foregoing, we affirm the trial court’s grant of the City’s motion for summary judgment. Costs assessed to appellants.
AFFIRMED.