PEATROSS, J.
 

 hln this premises liability case, the trial court granted summary judgment in favor of Wal-Mart Stores, Inc., dismissing the claim of Ruthie Jean Humphrey for injuries allegedly sustained when one or more six-packs of glass-bottled root beer fell from the shelf after Ms. Humphrey had retrieved a six-pack and placed it in her cart. Ms. Humphrey appeals, arguing that genuine issues of material fact exist and that the trial court erred in not allowing additional time to complete discovery. For the reasons stated herein, we affirm.
 

 FACTS
 

 Ms. Humphrey was shopping in Wal-Mart on Pines Road in Shreveport on August 7, 2004, when she picked up a six-pack of root beer packaged in glass bottles from a shelf and placed it in her cart. After Ms. Humphrey turned away to continue down the aisle, she heard a crash behind her. Ms. Humphrey testified in her deposition that she then turned around and saw broken root beer bottles, that had fallen from the shelf, and root beer on the floor. A shard of glass cut Ms. Humphrey on her left ankle and her right foot. The cut on her ankle was covered with a Band-aid by a Wal-Mart employee. The cut to her right foot did not require bandaging. Following the incident, Ms. Humphrey completed her shopping, purchased her items and drove herself home.
 

 According to Ms. Humphrey’s testimony, the cut to her left ankle caused damage to the tendon, which was painful and required extensive medical care. On August 4, 2005, Ms. Humphrey filed suit against Wal-Mart for damages. Thereafter, on July 5, 2006, Wal-Mart filed a |2motion for summary judgment, which was granted by the trial court. The trial court, however, subsequently granted a motion for new trial filed by Ms. Humphrey to allow for
 
 *1254
 
 additional discovery and the matter was reset for hearing on December 18, 2006. Ms. Humphrey propounded additional interrogatories and conducted additional discovery. The hearing was continued to January 22, 2007, at which time Ms. Humphrey again requested additional time for discovery. The trial court concluded that Ms. Humphrey was allowed adequate time in which to conduct discovery and sustained Wal-Mart’s motion for summary judgment. Ms. Humphrey then filed a motion for new trial seeking additional time for discovery. The trial court recalled the summary judgment and reset the hearing for May 14, 2007. Again, Ms. Humphrey propounded additional interrogatories and conducted additional discovery. After several more continuances to allow for discovery, on November 3, 2008, summary judgment was ultimately granted in favor of Wal-Mart. It is from this judgment that Ms. Humphrey now appeals.
 

 DISCUSSION
 

 Summary Judgment
 

 The appellate court’s review of a grant or denial of a summary judgment is
 
 de novo. Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226;
 
 Schroeder v. Board of Supervisors of Louisiana State University,
 
 591 So.2d 342 (La.1991);
 
 Hinson v. Glen Oak Retirement Home,
 
 34,281 (La.App. 2d Cir.12/15/00), 774 So.2d 1134. The summary judgment procedure is designed to secure the just, pspeedy and inexpensive determination of every action allowed by law.
 
 See
 
 La. C.C.P. art. 966(A)(2);
 
 Hinson v. Glen Oak Retirement Home, supra; Lee v. Wall,
 
 31,468, 31,469 (La.App. 2d Cir.1/20/99), 726 So.2d 1044;
 
 Gardner v. Louisiana State University Medical Center in Shreveport,
 
 29,946 (La.App. 2d Cir.10/29/97), 702 So.2d 53. A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 The burden of proof on a motion for summary judgment remains with the movant.
 
 Samaha v. Rau,
 
 07-1726 (La.2/26/08), 977 So.2d 880. When the mov-ant, however, will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant is not required to negate all the essential elements of the adverse party’s claim, action or defense.
 
 Id.; Hinson v. Glen Oak Retirement Home, supra.
 
 Rather, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim.
 
 Samaha v. Rau, supra; Hinson v. Glen Oak Retirement Home, supra.
 
 Then, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and movant is entitled to summary judgment.
 
 See
 
 La. C.C.P. art. 966(C)(2);
 
 Samaha v. Rau, supra; Hinson v. Glen Oak Retirement Home, supra; Gardner v. Louisiana State University Medical Center in Shreveport, supra.
 

 14The plaintiff in a premises liability case bears the burden of proof. In
 
 Davis v. Wal-Mart Stores, Inc.,
 
 00-0445 (La.11/28/00), 774 So.2d 84, the supreme court explained that in a “falling merchandise” case under La. R.S. 9:2800.6(A):
 

 ... the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury. Further, a plaintiff who is injured by falling mer
 
 *1255
 
 chandise must prove, even by circumstantial evidence, that a premise hazard existed. Once a plaintiff proves a
 
 prima facie
 
 premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures.
 

 Specifically, in a falling merchandise case, the plaintiff bears the burden of proving that (1) the plaintiff did not cause the merchandise to fall; (2) another customer in the aisle did not cause the merchandise to fall; and (3) the merchant’s negligence was the cause of the accident,
 
 ie.,
 
 that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually it does fall.
 
 Davis, supra.
 
 “Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an ‘unreasonably dangerous’ condition on the merchant’s premises.”
 
 Id.
 

 In the case
 
 sub judice,
 
 Ms. Humphrey admitted in her deposition that she did not know what caused the bottles to fall from the shelf. She testified that there were other customers on the aisle and that the crash occurred after she had turned to walk away from the root beer. She testified:
 

 Q: You don’t know what caused it, you couldn’t have seen it because you were facing the other direction?
 

 IsA: Correct.
 

 Ms. Humphrey produced no evidence that would establish that another customer did not cause the root beer to fall from the shelf. Her deposition testimony reveals that her focus “went to the floor” when she turned and realized the root beer bottles had fallen so she was unaware if any other patrons were between her and the crash. She also was unable to quantify exactly how much time elapsed between the time she picked up her six-pack of root beer and turned to walk away and the time she heard the crash, stating that it could have been one to five minutes.
 

 Next, Ms. Humphrey produced no evidence that Wal-Mart or the negligence of a Wal-Mart employee caused the root beer to fall from the shelf. To the contrary, she testified that she did not notice anything defective about the way the root beer was stacked on the shelf. Ms. Humphrey produced no evidence to satisfy the “merchant negligence” prong of the
 
 Davis
 
 test. In summary, Ms. Humphrey’s testimony reveals that she simply does not know the cause of the falling root beer bottles and she cannot produce evidence to satisfy her burden under
 
 Davis, supra.
 
 Accordingly, summary judgment was properly granted.
 

 Discovery
 

 Ms. Humphrey argues that she was not given a fair opportunity to present her case because she required more time to attempt to gain access to any surveillance video tape that may exist. She suggests that the video is relevant to the issue of whether another customer caused the bottles to fall. When production of the tape was requested
 
 via
 
 interrogatories, however, [ nWal-Mart answered that it did not have a video “of the aisle or area from the date of the accident that covered the location of the IBC drink shelf accident site.” The Wal-Mart representative who was deposed testified that he had no knowledge as to whether the surveillance camera would have recorded that particular aisle. Ms. Humphrey seeks more time to depose different Wal-Mart representatives in an attempt to find a video tape. The trial court, however, repeatedly provided Ms. Humphrey with additional hearing delays in order to ensure that she was
 
 *1256
 
 afforded ample time for discovery in this matter. Three years had elapsed since the accident occurred before the trial court ultimately granted the motion for summary judgment. The trial court has broad discretion in regulating pretrial discovery.
 
 Osborne v. McKenzie,
 
 43,658 (La.App. 2d Cir.10/22/08), 998 So.2d 137,
 
 writ denied,
 
 08-2555 (La.1/9/09), 998 So.2d 726,
 
 citing, Bell v. Treasure Chest Casino, L.L.C.,
 
 06-1538 (La.2/22/07), 950 So.2d 654; and
 
 Rodsuwan v. Christus Health Northern La.,
 
 41,043 (La.App. 2d Cir.5/17/06), 930 So.2d 1116. We perceive no abuse of the trial court’s discretion in refusing to delay this matter any longer.
 

 CONCLUSION
 

 For the foregoing reasons, the summary judgment of the trial court in favor of Wal-Mart Stores, Inc., dismissing with prejudice the claims of Ruthie Jean Humphrey, is affirmed. Costs of appeal are assessed to Ruthie Jean Humphrey.
 

 AFFIRMED.