LOLLEY, J.
 

 | ,In this medical malpractice case, plaintiff, Milton D. Bamburg, appeals the grant of two motions for summary judgment by the Fourth Judicial Court, Parish of Oua-chita, State of Louisiana, in favor of defendants, St. Francis Medical Center and Dr. Lin Xiong. For the following reasons, we affirm the trial court.
 

 FACTS
 

 Milton Bamburg saw neurosurgeon, Dr. Bernie McHugh, on June 21, 2005, complaining of gait disturbance, mild cervical pain, and memory loss that had been ongoing for three months. Dr. McHugh thought the symptoms were consistent with Normal Pressure Hydrocephalus (“NPH”) and ordered a CT of the head along with a cisternogram for further evaluation. Dr. Lin Xiong, a radiologist, performed the cisternogram at St. Francis Medical Center on July 5, 2005. Dr. Xiong injected an isotope agent that could not be visualized during the injection and the test was determined to be unsuccessful. Bam-burg was not charged for the cisternogram and he was rescheduled for the procedure on July 26, 2005. The second cisterno-gram, which was administered by Dr. Robert Golson, confirmed Dr. McHugh’s diagnosis of NPH.
 

 Bamburg brought this action against St. Francis Medical Center (“St. Francis”) and Dr. Lin Xiong for medical malpractice
 
 *1073
 
 alleging that the defendants breached the standard of care during the routine cister-nogram procedure. Specifically, Bamburg argues his diagnosis and treatment of NPH was delayed due to Dr. Xiong’s failure to administer the test correctly. He also argues that the hospital failed to give him discharge instructions |2advising him of the risks associated with the medication and administration of the wrong injection and reasons for the rescheduled procedure. On July 7, 2006, Bamburg filed a formal complaint with the Louisiana Patients’ Compensation Fund. A medical review panel (“MRP”) was convened and, in a unanimous opinion, found in favor of Dr. Xiong and St. Francis. On January 8, 2008, Bamburg filed the instant lawsuit.
 

 On January 24, 2008, St. Francis forwarded written discovery to Bamburg seeking, in part, the identification of medical experts. On January 7, 2009, St. Francis filed a Motion to Compel discovery responses which was set for hearing on April 1, 2009. The hearing was continued to allow Bamburg additional time to respond to discovery. On April 29, 2009, defendants filed motions for summary judgment contending that plaintiff did not have a medical expert necessary to meet his burden of proof. The hearing was held June 17, 2009, where the trial court ultimately rendered summary judgments in favor of defendants. This appeal ensued.
 

 LAW AND DISCUSSION
 

 Appellate Jurisdiction
 

 First, we must address whether Bamburg properly appealed both summary judgments that the trial court granted. St. Francis argues that Bamburg failed to appeal the judgment as it relates to the hospital and only took steps to appeal the judgment in favor of Dr. Xiong. According to the record, Bamburg filed a Motion for Appeal which stated:
 

 A Judgment was rendered and signed on June 17, 2009, and filed on June 18, 2009, granting the Motion for Summary Judgment filed by defendant, Lin Xiong, MD, and dismissing the above entitled and numbered cause as to said defendant.
 

 IsMovant desires to appeal devolutively from the Judgment described herein-above.
 

 Wherefore, movant, Milton D. Bam-burg, prays that this Honorable Court grant a devolutive appeal from the Judgment rendered and signed on June 17, 2009, and filed on June 18, 2009, in the above entitled and numbered cause, the said Judgment being more fully described hereinabove.
 

 The trial court signed the Order accompanying the Motion.
 

 Louisiana C.C.P. art. 2121 states:
 

 An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment.
 

 An order of appeal may be granted on oral motion in open court, on written motion, or on petition. This order shall show the return day of the appeal in the appellate court and shall provide the amount of security to be furnished, when the law requires the determination thereof by the court.
 

 When the order is granted, the clerk of court shall mail a notice of appeal to counsel of record of all other parties, to the respective appellate court, and to other parties not represented by counsel. The failure of the clerk to mail the notice does not affect the validity of the appeal.
 

 While the intent to appeal both judgments may have existed, it is not reflected in the Motion to Appeal where it specifically identifies Dr. Xiong.
 

 
 *1074
 
 Bamburg argues that both judgments were signed on the same day and St. Francis was not prejudiced in any way by not being included in the Motion to Appeal considering that they received notice. Our appellate jurisdiction is not based on whether the defendant was prejudiced or had notice. In
 
 Gardner v. Du-cote,
 
 44,477 (La.App.2d Cir.04/02/09), 6 So.3d 1045,
 
 writ denied,
 
 2009-1260 (La.09/18/09), 17 So.3d 978, both the insurance company and its affiliate company were parties to the same litigation, retained the same counsel, and had their claims adjudicated in adjudgment; however, the order of appeal was granted to only one entity which had no appealable interest. Although an attempt to amend the order was made at the trial court, this court found that it was ultimately an untimely appeal, “a jurisdictional defect which deprives the court of appeal and any other court the jurisdictional power and authority to reverse, revise or modify a final judgment.”
 
 Id.
 
 at 1047. Similarly, this court does not have jurisdiction if a valid appeal is not perfected. La. C.C.P. art. 2088. An order of appeal must be obtained for
 
 each
 
 final judgment the appellant seeks to appeal.
 
 See Clark v. Mangham, Hardy, Rolfs and Abadie,
 
 30,-471 (La.App.2d Cir.02/24/99), 733 So.2d 43. In the instant case, the trial court clearly granted an Order to appeal the ruling against one defendant, Dr. Xiong, not St. Francis. As such, the appeal against St. Francis is not properly before us.
 
 [1]
 

 Standard of Review
 

 The appellate court’s review of a grant or denial of a summary judgment is
 
 de novo. Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 1999-2181, 1999-2257 (La.02/29/00), 755 So.2d 226;
 
 Hinson v. Glen Oak Retirement Home,
 
 34,281 (La. App.2d Cir.12/15/00), 774 So.2d 1134. A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.
 
 See
 
 La. C.C.P. art. 966(B).
 

 LThe burden of proof on a motion for summary judgment remains with the mov-ant.
 
 Samaha v. Rau,
 
 2007-1726 (La.02/26/08), 977 So.2d 880. When the movant, however, will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant is not required to negate all the essential elements of the adverse party’s claim, action or defense.
 
 Id.; Hinson, supra.
 
 Rather, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim.
 
 Samaha, supra; Hinson, supra.
 
 Then, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and movant is entitled to summary judgment.
 
 See
 
 La. C.C.P. art. 966(C)(2).
 

 The plaintiff bears the burden of proving that a doctor committed malpractice.
 
 Wiley v. Lipka,
 
 42,794 (La.App.2d Cir.02/06/08), 975 So.2d 726,
 
 writ denied,
 
 2008-0541 (La.05/02/08), 979 So.2d 1284. Any medical malpractice claimant must establish, by a preponderance of the evidence: (1) the defendant’s standard of care; (2) the defendant’s breach of that standard of care; and, (3) a causal connection between the breach and the claimant’s
 
 *1075
 
 injuries. La. R.S. 9:2794(A);
 
 Pfiffner v. Coma,
 
 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228;
 
 Wiley, supra.
 

 The Louisiana Supreme Court has found that expert testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice claim. In
 
 Pfiffner,
 
 643 So.2d at 1233, the supreme court explained, “Expert testimony is not required where the | ¡¡physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient’s body, from which a lay person can infer negligence.”
 
 See also Samaha, supra; Vinson v. Salmon,
 
 34,582 (La.App.2d Cir.05/09/01), 786 So.2d 913. In most cases, however, because of the complex medical and factual issues involved, a plaintiff who does not present medical expert testimony will likely fail to sustain his burden of proving his claim under the requirements of La. R.S. 9:2794.
 

 Motion for Summary Judgment
 

 Bamburg’s primary issue on appeal is that there is a genuine issue of material fact, and therefore the trial court erred in granting the summary judgments in favor of defendants. Bamburg contends that Dr. Xiong committed medical malpractice in the administration of the cisternogram test.
 

 In order to defeat Dr. Xiong’s motion for summary judgment, it is necessary for Bamburg to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. Bamburg argues that Dr. Xiong committed medical malpractice during the routine test; unfortunately, Bamburg does nothing more then state allegations without evidence, specifically medical testimony, to support his claims. While there are occasions where an expert is not necessary, this is not one of them due to the complex medical and factual issues involved. A lay person has no personal knowledge of the standard of care applicable to a radiologist or the |7test involved. Bamburg insists that he did not have adequate time to retain a medical expert. The record is to the contrary and reflects that Bamburg had over a year to respond to discovery. Clearly, there was ample time to secure medical testimony. We find this argument unpersuasive.
 

 Finally, Dr. Xiong’s motion for summary judgment is further supported by the MRP’s opinion where there was a unanimous finding that he did not fail to meet the applicable standard of care in his treatment of Bamburg. Specifically the MRP explained that:
 

 The isotope injection of the patient for the cisternogram was performed by Dr. Xiong in an appropriate fashion with an attempt to inject the Indium 111 Pente-tate Agent into the thecal sac; however, this attempt failed and Dr. Xiong canceled and rescheduled the cisternogram, which was the appropriate thing to do.... On occasion the [Indium 111 Pentetate Agent] does not enter the the-cal sac, in which event the cisternogram procedure cannot be completed as said procedure is dependent upon the isotope being injected into the thecal sac. The fact that this occurs is not a deviation below the standard of care by Dr. Xiong or St. Francis Medical Center. The rescheduling of the cisternogram procedure three weeks later was appropriate in this case.
 

 Bamburg failed to produce evidence to contradict these findings. Accordingly, while we are sympathetic to the inconvenience Bamburg experienced, after a review of the record, Dr. Xiong’s actions were not below the standard of care.
 

 
 *1076
 
 CONCLUSION
 

 For the foregoing reasons, the trial court’s grant of Dr. Lin Xiong’s motion for summary judgment is affirmed. Costs are assessed against Milton Bamburg.
 

 AFFIRMED.
 

 [1]
 

 . St. Francis filed a motion seeking partial dismissal of the appeal based on this court's lack of jurisdiction; however, since the court does not have jurisdiction to provide such relief, the motion is denied as moot.