NATHANIAL GOINES

VERSUS

CASH AMERICA, INC. OF LOUISIANA
D/B/A CASH AMERICA PAWN AND
ABC INSURANCE COMPANY

NO. 21-CA-727

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 72,181, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

October 05, 2022

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.

**AFFIRMED**
   **JJM**
   **SJW**
   **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
NATHANIAL GOINES
    Eric A. Wright
    Daryl A. Gray
    Jason P. Franco

COUNSEL FOR DEFENDANT/APPELLEE,
CASH AMERICA, INC. OF LOUISIANA D/B/A CASH AMERICA PAWN
    Sidney J. Hardy
    Peter S. Martin

**MOLAISON, J.**

Plaintiff/appellant, Nathaniel Goines, has appealed the grant of summary judgment in favor of Cash America, Inc. of Louisiana[1] ("Cash America"). For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

On November 30, 2017, Mr. Goines was a patron at the Cash America store when a crossbow fell from a rack suspended from the ceiling and hit him on the head. Mr. Goines filed a petition for damages against Cash America on May 3, 2018, alleging that as a result of this incident, he sustained "injuries to his person, causing him to seek medical attention and treatment." Cash America answered the petition denying any liability.

On April 12, 2021, Cash America filed a motion for summary judgment arguing that Mr. Goines cannot carry his burden of proof at trial under La. R.S. 9:2800.6, the Louisiana Merchant Liability Statute, because Mr. Goines cannot put forth any evidence that: (1) he did not cause the merchandise to fall and (2) before the alleged incident, the merchandise at issue was in such an unsafe or precarious position that it eventually fell. In support of its motion, Cash America attached Mr. Goines' deposition as well as the deposition of its store manager, Hilton Meunier, Jr.

In his deposition, Mr. Goines testified that he was looking at merchandise in a glass display case underneath the rack on which the crossbow was hung. While he was moving in a lateral direction, he was struck by the crossbow. The crossbow struck the glass display case and then fell to the ground. In his deposition, Mr. Meunier testified that the crossbow was hanging from a compound bow rack that

---

[1] Plaintiff filed an amended petition alleging that Greenwich Insurance Company ("Greenwich") issued a policy of liability insurance to Cash America. In its answer to the amending petition, Cash America admitted that Greenwich issued it a policy of liability insurance, however, the appellate record does not indicate whether or not Greenwich was actually served. The appellate record does not contain an answer on behalf of Greenwich. The motion for summary judgment was filed solely on behalf of Cash America. Greenwich is not a party to this appeal.

was hung from the ceiling. This rack was in place when Mr. Meunier went to work at this store fifteen years before his deposition. There had been no other instances in which crossbows have fallen off of this rack. Mr. Meunier testified that he did not witness the incident, but he viewed the video taken by the store's camera that captured the incident. Mr. Meunier testified that Mr. Goines hit the butt of the crossbow with his head, knocking it off of the hooks and causing the crossbow to fall.

Mr. Goines opposed the motion claiming that the evidence submitted shows a disputed issue of fact regarding whether Mr. Goines caused the merchandise to fall and whether the merchandise was hung in such a "precious [sic] position that it caused it to fall." The same two depositions submitted by Cash America in support of the motion for summary judgment were attached to Mr. Goines' opposition.

After the hearing held on June 3, 2021, the trial court granted the motion for summary judgment. On June 16, 2021, the trial court issued a written judgment, including written reasons for judgment. On September 7, 2022, the trial court issued an amended judgment, specifically stating that the judgment was rendered against the appellant, dismissing the appellant's claims with prejudice, and separating the judgment from the reasons for judgment.

LAW AND DISCUSSION

Summary Judgment

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but

rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). The burden then shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880.

Merchant Liability for Falling Merchandise

La. R.S. 9:2800.6 governs negligence claims against a merchant. La. R.S. 9:2800.6(A) provides:

> A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

The Louisiana Supreme Court set forth the elements of proof a plaintiff must establish to recover in a falling merchandise case under La. R.S. 9:2800.6(A):

> To prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall. Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an 'unreasonably dangerous' condition on the merchant's premises.

<u>Davis v. Wal-Mart Stores, Inc.</u>, 00-445 (La. 11/28/00), 774 So.2d 84, 90.

The following exchange took place in Mr. Goines' deposition:

Q. I guess the way you're explaining it, my understanding is that you were moving, looking at different pistols and the crossbow is hanging down vertically from the rack –

A. Uh-huh.

Q. -- and I guess the side of your head must have hit it?

A. That's what I'm guessing. Something caused it to fall on my head.

Q. So you didn't stand up and it didn't hit the back of your head?

A. No.

Q. That's not how it happened?

A. No. I did not stand up. I was moving laterally, looking at the showcase just like this (demonstrating).

****

Q. Do you think that the crossbow would have fallen if you hadn't first accidentally knocked it when you were looking at the pistols?
----
 THE WITNESS:
 I don't know.

Mr. Goines further testified:

Q. Do you have any information regarding what caused the crossbow to actually fall?

 A. No.

 Q. Do you have any information to suggest that one of the Cash America Pawn employees knew that the crossbow may fall before the subject accident?

 A. Do I have information?

 Q. (Nods head.)

A. No, I don't know.

Q. Do you have any information regarding how long the crossbow was in that hanging position before it fell?

 A. No.

Q. Do you have any information to suggest that one of the Cash America employees caused the crossbow that fell to be in a position to fall or cause the fall?

A. I don't know.

Q. Do you know if a customer could have hung it up that way and created the hazard?

A. Don't know.

Mr. Meunier testified that neither he nor the employee that was assisting Mr. Goines, witnessed the incident, but Mr. Meunier viewed the video taken by the store's camera that captured the incident. Mr. Meunier testified that Mr. Goines hit the butt of the crossbow with his head, knocking it off of the hooks and causing the crossbow to fall. Mr. Meunier testified that the crossbow was hanging from a compound bow rack that was hung from the ceiling. This rack was in place when Mr. Meunier went to work at this store fifteen years before his deposition. There had been no other instances in which crossbows have fallen off of this rack.

In Humphrey v. Walmart Stores, Inc., 44-614 (La. App. 2 Cir. 8/19/09), 16 So.3d 1252, the appellate court affirmed the grant of summary judgment under a similar scenario. In Humphrey, the plaintiff filed suit against Walmart for injuries sustained when bottles of root beer fell, cutting her. Before the bottles fell, the plaintiff had removed a six-pack of root beer, placed it in her cart, then turned to walk away when the bottles fell off of the shelf and broke. The plaintiff testified that she did not notice anything defective about the way the root beer was stacked on the shelf and she did not know what caused the bottles to fall from the shelf. In affirming the district court's ruling that granted summary judgment, the appellate court stated that the plaintiff "does not know the cause of the falling root beer bottles and cannot produce evidence to satisfy her burden under *Davis, supra*." Id. at 1255.

In <u>Ngo v. Walmart, Inc.</u>, 20-71 (La. App. 5 Cir. 10/5/20), 304 So.3d 593, <u>writ denied</u>, 20-1279 (La. 1/12/21), 308 So.3d 709, this Court affirmed the district court's grant of summary judgment in a falling merchandise case. In <u>Ngo</u>, the plaintiff filed suit for injuries allegedly sustained when she was struck by a rug that had been removed by two customers and placed vertically against the display a few seconds before Ms. Ngo was struck in the head by the falling rug. In opposing summary judgment, Ms. Ngo argued that there was a disputed issue of fact as to whether the display of the rug that allowed customers to remove the rugs and prop them up against the display was unreasonably dangerous. In affirming the grant of summary judgment, this Court held that Ms. Ngo could not meet her burden of proving that another customer did not cause the accident. For this reason, this Court did not reach the third prong of the Davis test, i.e., the existence of an "unreasonably dangerous" condition on the merchant's premises. <u>Id</u>. at 595.

Similarly, in the case before us, Mr. Goines has failed to put forth any evidence to prove that he did not cause the crossbow to fall. In fact in his deposition, the plaintiff agrees that the side of his head made contact with the crossbow causing it to fall. Mr. Goines did not come forth with any other evidence as to what caused the crossbow to fall. Further, Mr. Goines has not come forth with any evidence that the crossbow was placed in such a precarious position that it eventually fell.

Additional Discovery

On appeal, the plaintiff further argues that the trial court erred in denying his request to delay the ruling on the motion for summary judgment until the corporate deposition of Cash America taken under La. C.C.P. art. 1442 could be admitted into evidence. Plaintiff goes on to argue that adequate discovery had not been conducted.

At the hearing on the motion for summary judgment, counsel for Mr. Goines informed the court that he had possession of the video of the incident taken by the camera at Cash America. He offered to show the video to the court. Counsel for Cash America noted that there was no affidavit attached to the plaintiff's opposition to the motion for summary judgment. Counsel for Mr. Goines responded "I was just pointing out the fact that there is a video. But nevertheless, I don't think we need it for the purposes to defeat summary judgment." Counsel for Mr. Goines went on to argue that whether the crossbow hanging over the display case was a "hazard and unreasonable risk" is an issue for the jury to decide. The trial judge commented that an argument that there is an unreasonable risk is usually supported by an affidavit from an expert "who will tell us that in court not just the argument of an attorney." After the trial judge stated that summary judgment would be granted, counsel for Mr. Goines asked that the court reconsider its ruling until he could supplement the brief with the 1442 deposition. The trial judge explained that a party may not refer to the existence of this deposition in the middle of their opposition.

There is no indication in the record that the plaintiff argued that the motion for summary judgment was premature and that more time was needed to conduct discovery. The plaintiff never requested that the hearing on the motion for summary judgment be continued to allow time to obtain the transcript of the 1442 deposition. Rather, it was only after summary judgment was granted that the plaintiff requested the trial judge reconsider the ruling until the record was supplemented with the 1442 deposition.

In ruling on a motion for summary judgment, the court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2). Given that the transcript of the 1442 deposition was not

attached in opposition to the motion for summary judgment and that the plaintiff never requested the hearing be delayed for inclusion of the transcript of the 1442 deposition we find no merit to this argument.

Comparative Fault

In his final assignment of error, the plaintiff argues that "it was error for the trial court to fail to consider Appellant's argument regarding the potential comparative fault of Appellee." In opposition to the motion for summary judgment, the plaintiff argued that there are material issues of fact as to whether Mr. Goines caused the crossbow to fall and whether the crossbow was hung in a precarious or unsafe manner. The opposition does not mention comparative fault. No argument regarding comparative fault was made at the hearing on the motion for summary judgment.

Appellate courts generally will not consider issues raised for the first time on appeal. First Bank & Trust v. Bayou Land & Marine Contractors, 12-295 (La. App. 5 Cir. 10/30/12), 103 So.3d 1148, 1152; Uniform Rules-Courts of Appeal, Rule 1-3. Considering this long-standing rule of law, we will not consider Mr. Goines' argument regarding the comparative fault.

CONCLUSION

Based on the foregoing, after our *de novo* review of the record, memoranda, exhibits, and the law, we find no genuine issue of material fact and that Cash America is entitled to judgment as a matter of law. Accordingly, the trial court judgment granting summary judgment in favor of Cash America and against Nathanial Goines is affirmed.

AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 5, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-727

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
ERIC A. WRIGHT (APPELLANT)          SCOTT T. WINSTEAD (APPELLANT)          PETER S. MARTIN (APPELLEE)
SIDNEY J. HARDY (APPELLEE)

**MAILED**
DANIELLE A. MACKIE (APPELLANT)
DARYL A. GRAY (APPELLANT)
JASON P. FRANCO (APPELLANT)
ATTORNEYS AT LAW
201 ST. CHARLES AVENUE
SUITE 2710
NEW ORLEANS, LA 70170