Judgment rendered March 11, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,755-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

PATRICIA FLOWERS, LINDA
DANIELS

Plaintiffs-Appellants

versus

HALIM ABOU-FAYCA;
KIRTKUMAR PATEL, MELISSA
L. LINN, MARIUS T.
MCFARLAND, AND
INTENSIVE SPECIALTY
HOSPITAL

Defendants-Appellees

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 648,560

Honorable Brady D. O'Callaghan, Judge

* * * * *

| | |
|---|---|
| DIANNE HILL | Counsel for Appellants |
| WATSON, BLANCHE, WILSON & POSNER, LLP By: Randall Louis Champagne William A. Fell | Counsel for Appellee, Halim Abou-Faycal |
| PUGH, PUGH & PUGH, LLP By: Robert Gahagan Pugh, Jr. | Counsel for Appellees, Kirtkumar Patel, Melissa L. Linn and Mairus T. McFarland |

JUDICE & ADLEY, APLC                    Counsel for Appellee,
By: J. Ryan Pierret                     Intensive Specialty
                                        Hospital

* * * * *

Before PITMAN, HUNTER, and ELLENDER, JJ.

**HUNTER, J.**

Patricia Flowers and Linda Daniels ("plaintiffs") appeal a district court ruling granting summary judgment in favor of Halim Abou-Fayca,[1] Kirtkumar Patel, Melissa L. Linn, Marius T. McFarland,[2] and Intensive Specialty Hospital ("defendants") regarding the medical malpractice claim filed on behalf of the deceased Edna Daniels. For the following reasons, we affirm the judgment of the trial court.

## FACTS

On October 23, 2020, the children of an 86-year-old diabetic patient, Edna Daniels, filed a malpractice claim for the injuries she sustained while she was under care and treatment at Intensive Specialty Hospital. The plaintiffs alleged the injuries led to Ms. Daniels' death. In addition to Dr. Abou-Fayca (an infectious disease specialist), Dr. Marius T. McFarland (family practice), Melissa L. Linn (nephrology), and Kirtkumar Patel (pulmonology/critical care) were also named defendants. Ms. Daniels was admitted to Intensive Care on the orders of Dr. McFarland and began treatment on August 28, 2019, for a sacral wound infection with probable osteomyelitis. During her care and treatment, Ms. Daniels' condition deteriorated, forcing her into the intensive care unit (ICU), where she died.

A medical review panel was authorized, formed, and, upon review, found the evidence did not support any finding that the care and treatment by any defendant failed to meet the applicable standard of care. In support of its opinion, the panel issued "Written Reasons for Conclusion of the Medical

---

[1] Dr. Halim Abou-Fayca's name is spelled various ways throughout the record, including "Fayca" and "Faycal." For clarity, we will use the spelling "Fayca" throughout this opinion.
[2] Dr. Marius T. McFarland's name is spelled various ways throughout the record, including "Marius" and "Mairus." For clarity, we will use the spelling "Marius" throughout this opinion.

Review Panel," which stated the dates of the relevant treatment and confirmed that the panelists had reviewed the medical records and all other evidence submitted.

On February 9, 2024, the plaintiffs challenged the panel's decision, alleging that the panel failed to provide written reasons for its opinion. They subsequently filed a petition for damages based on the same medical malpractice allegations. On October 28, 2024, Drs. Abou-Fayca, Patel, and McFarland each filed motions for summary judgment, asserting that the plaintiffs failed to meet their burden of proof under La. R.S. 9:2794(A). The plaintiffs argued in opposition that they lacked sufficient time to conduct discovery and secure qualified experts. Subsequently, the plaintiffs provided the defendants with a draft of an affidavit and later sent a notarized affidavit prior to the hearing on the motion. On December 9, 2024, the trial court granted summary judgment in favor of Drs. Abou-Fayca, Patel, and McFarland. The plaintiffs filed a formal notice of appeal on January 21, 2025.

## DISCUSSION

### Assignment Error 1: Motion for Summary Judgment

In their first assignment of error, the plaintiffs contend the trial court erred by granting summary judgment without adequate time for discovery. More specifically, the plaintiffs allege the district court failed to consider the complexity of the case, including the mailing constraints, multiple defendants, and distinct actions in the patient's care. As a result, the plaintiffs argue they could not identify the critical issues required to retain an expert under La. R.S. 9:2794(A).

2

The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed by the litigant. La. C.C.P. art. 966 (A)(1). When addressing the adequacy of discovery on a motion for summary judgment, courts take into consideration the following relevant factors: (1) whether the party was ready to go to trial; (2) whether the party indicated what additional discovery was needed; (3) whether the party took any steps to conduct additional discovery during the period between filing of the motion and the hearing on it; and (4) whether the discovery issue was raised in the trial court before the entry of the summary judgment. *Thomas v. Bayonne*, 54,205 (La. App. 2 Cir. 4/13/22), 339 So. 3d 71. In addition to these four factors, courts have considered whether the ability to conduct discovery was hampered by circumstances beyond the opponent's control. *Laforge v. Golden Nugget Lake Charles, LLC*, 2020-110 (La. App. 3 Cir. 11/4/20), 307 So. 3d 266.

After an adequate time for discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The appellate court's review of a grant or denial of a summary judgment is *de novo. Bamburg v. St. Francis Med. Ctr.,* 45,024 (La. App. 2 Cir. 1/27/10), 30 So. 3d 1074, *writ denied*, 10-0458 (La. 4/30/10), 34 So. 3d 294.

La. C.C.P. art. 966(D)(1) allocates the burden of proof on summary judgment as follows:

> The burden of proof rests with the mover. If the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's

3

claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material facts or that the mover is not entitled to judgment as a matter of law.

Under La. R.S. 9:2794(A), in a medical malpractice action, the plaintiff has the burden of proving: (1) the applicable standard of care; (2) that the standard of care was breached; and (3) that as a proximate result of the breach, the plaintiff sustained injuries that would not otherwise have been incurred.

In a medical malpractice claim, great deference should be given to the factfinder when medical experts express different opinions relevant to causation. *Johnson v. Tucker*, 51,723 (La. App. 2 Cir. 11/15/17), 243 So. 3d 1237, writ denied, 17-2075 (La. 2/9/18), 236 So. 3d 1262, and *writ denied*, 17-2073 (La. 2/9/18), 236 So. 3d 1266. Expert witnesses who are members of the medical profession are needed to establish the applicable standard of care, whether the standard of care was breached by the defendant doctor's conduct, and whether that breach resulted in injury to the plaintiff. *Richardson v. Cotter*, 51,637 (La. App. 2 Cir. 9/27/17), 245 So. 3d 136; *Jones v. Hernandez*, 38,818 (La. App. 2 Cir. 8/18/04), 880 So. 2d 248, *writ denied*, 04-2319 (La. 11/19/04), 888 So. 2d 203.

While in most cases a plaintiff will likely fail to sustain his burden of proof under the requirements of La. R.S. 9:2794 without medical experts due to the complexity of medical issues, there are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is

objective evidence, including the testimony of the defendant/physician, which demonstrates a breach thereof. *Pfiffner v. Correa*, 94-0924 (La. 10/17/94), 643 So. 2d 1234. Still, unless the case involves some obviously careless act from which a lay person can infer negligence, such as amputating the wrong limb or leaving a sponge in a patient's body, the absence of expert testimony as to any of the essential elements of the plaintiff's malpractice claim will preclude the imposition of liability. *Id.*

In *Gorbach v. Tulane Univ. Med. Ctr.*, 11-1575 (La. App. 4 Cir. 4/11/12), 89 So. 3d 429, *writ denied*, 12-1063 (La. 6/22/12), 91 So. 3d 978, the plaintiff filed a medical malpractice claim against a hospital and physician after treatment for bladder cancer and related conditions, requesting a Medical Review Panel. The panel found that Tulane Hospital did not fail to meet the applicable standard of care. More than eight years after the alleged malpractice, the defendants moved for summary judgment. The plaintiff sought additional time to retain an expert but delayed notifying defendants and failed to comply with the trial court's order to do so by the deadline. The trial court granted summary judgment, and the plaintiff appealed, arguing the ruling was based on failure to timely secure an expert and that the motion was premature because discovery deadlines had not been set. The fourth circuit rejected these arguments, noting the malpractice occurred in 2002 and the motion was filed in 2010, giving the plaintiff ample time to prepare. The court held the plaintiff had a fair opportunity to present the case, found no abuse of discretion, and affirmed the summary judgment dismissing the defendants.

*In re Med. Rev. Panel for Claim of George*, 24-0624 (La. App. 4 Cir. 2/17/25), 409 So. 3d 268, a patient sued two doctors for malpractice related

to gallbladder surgery and a subsequent repair that allegedly injured her vocal cords. Defendants moved for summary judgment because the plaintiff failed to identify a medical expert to establish a breach of the standard of care. The trial court granted the motion, finding the plaintiff had ample time to retain an expert but failed to do so. On appeal, the court held that without expert testimony, the plaintiff could not prove malpractice and her claims that the experts "were being consulted" were insufficient. The summary judgment in favor of the defendants was affirmed.

In the instant matter, the plaintiffs assert that the trial court's determination that the failure to obtain a medical expert precludes them from succeeding at trial lacks merit. Based on the record, we note that this matter requires expert medical testimony regarding the applicable standard of care. Additionally, the defendants' motion was heard five years after Edna Daniels' death, four years after the complaint was filed, and ten months after the petition for damages was filed. The plaintiffs had years to pursue discovery and identify qualified experts, and no discovery was pending or sought. They requested no conferences or motions to compel and could not point to any evidence that would create a factual dispute. Accordingly, we find that the plaintiffs had ample opportunity to develop their case, and their request for additional discovery lacked merit.

### Assignment Error 2: Medical Review Panel

In their second assignment of error, the plaintiffs argue that the district court erred in granting motion for summary judgment based on inadequate opinions of the Medical Review Panel. According to the plaintiffs, the rendered written opinion by the Medical Review Panel does not comply with La. R.S. 40:1231.8. The plaintiffs further assert the panel failed to provide

any findings for damages or written reasons for its opinion as required by the statute.

Under the Louisiana Medical Malpractice Act, the medical review panel is composed of three physicians and a non-voting attorney-chairman. La. R.S. 40:1231.8(C). "The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care." La. R.S. 40:1231.8(G).  After reviewing all evidence, the medical review panel shall render one or more of the following expert opinions, which shall be in writing and signed by the panelists, together with written reasons for their conclusions:

> (1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
>
> (2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.
>
> (3) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.
>
> (4) When Paragraph (1) of this Subsection is answered in the affirmative, that the conduct complained of was or was not a factor of the resultant damages. If such conduct was a factor, whether the plaintiff suffered: (a) any disability and the extent and duration of the disability, and (b) any permanent impairment and the percentage of the impairment.

La. R.S. 40:1231.8(G)(1)-(4); *Sebble on Behalf of Est. of Brown v. St. Luke's #2, LLC*, 23-00483 (La. 10/20/23), 379 So. 3d 615.  Furthermore, La. R.S. 40:1231.8 (H) provides, in part, that: "Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law[.]"

7

In the instant case, we find the plaintiffs' argument meritless. In their brief, plaintiffs argue the panel's opinion must be "together with reasons for their conclusions" in accordance with La. R.S. 40:12318(G); however, as the defendants correctly note, there is no requirement or specification in Louisiana jurisprudence for the content of written reasons rendered by the Medical Review Panel. A medical review panel was convened and determined that the evidence did not show Dr. Abou-Fayca or any defendant violated the applicable standard of care. The panel's written reasons identified the relevant treatment, described it, and confirmed that the members reviewed the medical records, and all submitted evidence before reaching their conclusion. The plaintiffs have cited no authority and identified no defects in the panel's written reasons, compliance with the Medical Malpractice Act, or available remedies as Louisiana jurisprudence allows parties to seek court enforcement, mandamus, or informal clarification if needed. Consequently, we find the district court did not err in considering the opinion of the Medical Review Panel in granting summary judgment in favor of the defendants.

## CONCLUSION

Accordingly, based on our *de novo* review of the record, we find no error in the trial court's grant of the motion for summary judgment in favor of defendants. For the reasons set forth above, the judgment of the trial court is hereby AFFIRMED. The costs of this appeal are assessed to the plaintiffs, Patricia Flowers and Linda Daniels.

**AFFIRMED.**